HANS J. NIELSEN, APPELLEE, v. NEBRASKA GAS & ELECTRIC
COMPANY, APPELLANT.

FILED MAY 3, 1919.   No. 20477.

Negligence: VERDICT: FINDING: EVIDENCE.   In an action for damages
caused by negligence of a manager, of a corporation, a verdict
against the corporation is inconsistent with a finding that the
agent was not negligent, but such verdict may be sustained, if
there is evidence of negligence of other agents of the corporation,
which caused the damages.

APPEAL from the district court for Washington county:
CHARLES LESLIE, JUDGE.   *Affirmed.*

*Morsman, Maxwell & Crossman* and *Clark O'Hanlon*,
for appellant.

*B. H. Dunham* and *Herman Aye, contra.*

ROSE, J.

This is an action to recover damages for negligence
resulting in a fire which destroyed buildings, lumber,
coal and other property owned by plaintiff in Blair.
He pleads damages of $11,000, payment of $3,500 in
the form of insurance, and demands judgment for the
remainder $7,500.   There are two defendants.   One
is the Nebraska Gas & Electric Company, a corporation
operating an electric light plant at Blair, and the
other is Paul Sprecher, who was the foreman in ex-
clusive control of the corporate property and business
and its only representative at that place.   According to
the petition, the fire started in a coal pile on the prem-
ises of the electric light plant, and by means of kindling
and frame buildings spread to plaintiff's lumber and
coal yards on adjacent lots.   It is alleged that defend-
ants were negligent in causing the coal pile to take fire;
in placing the kindling near and upon the burning coal
pile;  in failing to remove the kindling;  in failing

to watch and guard the fire; in failing to extinguish the fire. Defendants denied negligence, and pleaded that the fire was of incendiary origin, and that persons unknown to defendants had tampered with the water hydrants near the electric light plant, thus causing them to freeze up and destroying the means of extinguishing the fire. There was a finding in favor of defendant Sprecher. From a judgment on a verdict in favor of plaintiff and against the Nebraska Gas & Electric Company alone for $4,284.66, the latter has appealed.

The controlling question presented by the appeal is based on the proposition that the verdict is in irreconcilable conflict with itself, and therefore cannot stand. The argument of the corporation may be summarized as follows: The negligent acts pleaded and proved are jointly and concurrently attributable to defendants. One of the defendants is a corporation and the other is its foreman and sole representative at Blair, where the fire occurred. The foreman performed, or is responsible for, all of the acts pleaded and proved as negligence. In this situation the corporation is not chargeable with any negligence not attributable also to its foreman. The jury found that the foreman had not been guilty of negligence. The corporation, therefore, was likewise free from negligence, and the verdict against it and in favor of the foreman contains inconsistent and self-destructive findings. The argument is formidable, but not conclusive.

Defendants are charged jointly with the acts of negligence herein outlined, but the petition contains in addition allegations that persons other than defendant Sprecher, while they were acting for the corporation, stored kindling between the pre-existing, burning coal pile and the frame buildings subsequently destroyed. In this respect there was no request for a more specific statement, and the petition is held sufficient on appeal to charge the corporation with negligence not attribu-

table to defendant Sprecher. On this issue there is evidence tending to prove that the kindling, under the direction of foreman Sprecher's predecessor, was placed where it became the means of conducting the fire from the burning coal pile to plaintiff's property. This view of the testimony, which the jury were at liberty to adopt, reconciles the finding against the corporation with the finding in favor of its foreman and codefendant. There is sufficient evidence to sustain the verdict rendered.

Errors relating to rulings on evidence and to instructions are also assigned, but no error prejudicial to the corporation has been found in the record.

AFFIRMED.

CORNISH, J., dissents.